**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN RIVERA-FELICIANO, ET AL.,<br><br>    Plaintiffs,<br><br>       v.<br><br>ANIBAL ACEVEDO-VILA, ET AL.,<br><br>    Defendants. | CIV. NO. 05-1910 (PG) |

**ORDER CERTIFYING CLASS**

**I. Standard of Review**

To be certified under Rule 23, a class must satisfy the four threshold requirements listed in subsection (a): numerosity of members, commonality of one or more questions of law or fact, typicality of representative claims or defenses, and adequacy of representation. Collazo v. Calderon, 212 F.R.D. 437, 442 (D.P.R. 2002); see Fed.R.Civ.P. 23. If all of these requirements are met, the parties must "also establish that the action is maintainable under subsections (b)(1), (2), or (3)." Id. In its analysis, the Court "must take as true all the allegations made in support of certification and may not examine the merits of the case." Id., (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78(1974)). The burden falls on plaintiffs who must show that all the prerequisites for a class action have been met. Id., see Makuc v. American Honda Motor Co., Inc., 835 F.2d 389, 394 (1st Cir.1987). The class determination is preferable before substantial discovery on the merits has been conducted. Rodriguez v. Banco Central, 102 F.R.D. 897, 902-03 (D.P.R. 1984)(citations omitted).

**A. Analyisis**

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is impracticable. To satisfy the impracticability requirement, plaintiffs "must proffer some evidence of the number of

Civ. No. 05-1910 (PG)                                                    Page 2

members in the purported class, or at least a reasonable estimate of that number. Collazo, 212 F.R.D., at 442 (citing J. Moore, Moore's Federal Practice § 23.23 (3d ed.1997)). Rule 23(a)(2) requires that plaintiffs "demonstrate that there is at least one question of law or fact common to the class." Id., (citations omitted). "Where a common question of law refers to standardized conduct by defendants toward members of the putative class, a common nucleus of operative fact is typically presented, and the commonality requirement is usually met." Id., (citations omitted).

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. This is known as the typicality requirement. "While factual differences between the claims do not alone preclude certification, the representative's claim must arise from the same event, practice or conduct, and be based on the same legal theory as those of other class members." Collazo, 212 F.R.D., at 442-43(citing Moore, supra., § 23-93). Lastly, Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interest of the class. Accordingly, plaintiffs must "show that the interests of the representative party will not conflict with the interests of any of the class members", and secondly, "that the counsel chosen to pursue the suit is qualified, experienced, and able to vigorously conduct the proposed litigation." Collazo, 212 F.2d at 443 (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir.1985). See also Rivera v. American Home Products Corp., 191 F.R.D. 45, 47 (D.P.R. 1999).

Upon reviewing the facts of this case and the applicable jurisprudence the Court finds that plaintiffs have complied with Rule 23(a)'s threshold requirements.

It is clear that the class of persons now participating in the Electronic Supervision Program of the Puerto Rico Administration of Corrections who have been excarcerated under electronic supervision, after

Civ. No. 05-1910 (PG)                                                    Page 3

being incarcerated for murder for offenses committed prior to the enactment of Law 49 of May 26, 1995, is a coherent group whose number can only be known exactly to the Administration of Corrections but which exceeds ninety persons and will change from day to day. Furthermore, the questions of law and fact at issue stem for the same nucleus of operative facts, thus meet the commonality requirement. Plaintiffs also meet the typicality requirement inasmuch as the representative's claim arises from the same practice by defendants based on the same legal theory with regards to others of the class members. What is more, plaintiffs have showed that the interests of the representative parties do not and will not conflict with the interests of any of the class members. Lastly, the chosen counsel are qualified, experienced, and able to conduct the litigation.  Our inquiry does not end here as the Court must also determine whether plaintiffs's case meets Rule 23(b) requirements.

Pursuant to Rule 23(b), an action may be maintained as a class action if:

> the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications ... which would establish incompatible standards of conduct for the party opposing the class, or with respect to individual members of the class ... [that] would ... be dispositive of the interests of the other members not parties to the adjudications.... or the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b)(1)(A)(B), (2), (3). To determine whether the action meets 23(b)(3)'s, requirements the Court must consider (1) the interest of the individual class members in controlling the litigation; (2) the

Civ. No. 05-1910 (PG)                                              Page 4

extent and nature of any pending litigation involving the same matters; (3) the desirability of concentrating the litigation of all the members' claims in the forum in which the class action was commenced; and (4) the management difficulties that may be encountered in a class action. See Bonilla v. Trebol Motors Corp., Civ. No. 92-1795(JP), 1993 WL 138297, at *1-3 (D.P.R. March 30, 1993)(unreported opinion); see Fed.R.Civ.P. 23(b)(3).

Upon reviewing the facts of this case and the applicable jurisprudence the Court finds that plaintiffs also comply with the requirements of Rule 23(b).

Here, the prosecution of separate actions by individual members of the class may create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for the defendants. There is also the risk that the adjudication in this case will be dispositive of the interests of the other members who are not parties to the litigation. Lastly, the defendants, by insisting and planning on applying retroactively Law 49, Regulations Nos. 6041 and 6797 to the named plaintiffs and other similarly situated, have acted on grounds generally applicable to all members of the class, thereby making corresponding declaratory relief and final injunction with respect to the class as a whole.

In sum, plaintiffs have demonstrated that they comply with Rule 23's requirements and have showed that it is necessary to certify the class in order to assure the effectiveness of any eventual remedial decree. The lack of interest of individual class members in controlling the litigation and the desirability of concentrating the litigation of all the members' claims in this forum in which the class action has commenced all weigh in favor of granting plaintiffs' request to certify the plaintiff class.

Therefore, in accordance with the findings and conclusions herein stated, and as expressed by the Court in its oral order of September 5,

Civ. No. 05-1910 (PG)                                                    Page 5

2005, it is hereby ORDERED:

1. <u>Class Certification</u>: Civil Action No.05-1910, styled <u>Carmen Rivera-Feliciano, et al., v. Anibal Acevedo-Vila, et al.</u>, shall be maintained as a class action on behalf of the following class of plaintiffs:

    All persons under the custody of the Corrections Administration of the Commonwealth of Puerto Rico convicted of murder in the first or second degree for acts committed prior to the enactment of Law 49 of May 26, 1995, and currently admitted or to be admitted to the Administration of Corrections Electronic Surveillance Program, with respect to the following causes of action:

    Any claims for damages, declaratory or injunctive relief under federal or Puerto Rico law premised upon defendants' retroactive application of Law 49 of May 26, 1995, Regulation No. 6041 of November 27, 1999, and Regulation No. 6797 of May 4, 2004, to plaintiff class.

2. <u>Class Representative; Class Counsel</u>: Plaintiff Carmen Rivera-Feliciano, Maria Flores-Feliciano, Mendelson Ortiz-Nicolau, Edgardo Hernandez-Ortiz, Ines Navedo-Vazquez, Gilberto Rivera-Rodriguez, Jose J. Rivera-Aneiro, Hector L. Rivera-Ortiz, Wilgberto Mario Feliciano, Carlos A. Rosario-Adorno, Domingo Gonzalez-Marie, Alexis Ortiz-Berrios, Angel Marcano-Ortiz, Pedro Beltran-Carrasquillo, and Luis Melendez-Ramos are designated as class representatives and Carlos V. Garcia-Gutierrez, Esq., Guillermo J. Ramos-Luina, Esq., and Rafael E. Rodriguez Rivera, Esq., are designated as counsel for the class.

Civ. No. 05-1910 (PG)                                                    Page 6

    3.    <u>Notice</u>:

    (a)  Class counsel shall by October 5, 2005, cause to be mailed in the name of the clerk by First Class Mail, postage prepaid, to all class members who can be identified through reasonable efforts, a notice written in plain language and approved by the court.

    (b)  Class counsel shall cause to be published in a newspaper of daily distribution by September 30, 205 a notice in substantially the same style and format as the illustrative summary notices posted on the "Class Action Notices" page of the Federal Judicial Center's Web site (www.fjc.gov).

    4.    <u>Exclusion</u>:

    The notice to class members must inform them as to how they may exclude themselves from the class.

    5.    <u>List of Class Members</u>:

    Class counsel will file with the clerk by October 19, 2005 an affidavit identifying the persons to whom notice has been mailed and who have not timely requested exclusion.

It IS SO ORDERED.

In San Juan, Puerto Rico, September 7, 2005.

                                              S/JUAN M. PEREZ-GIMENEZ
                                              U. S. DISTRICT JUDGE