**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN RIVERA-FELICIANO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> Anibal Acevedo-Vila, et al., <br><br> Defendants. | CIV. NO. 05-1910 (PG) |
| EFRAIN GONZALEZ-FUENTES, ET AL., <br><br> Petitioners <br><br> v. <br><br> HON. MIGUEL A. PEREIRA-CASTILLO <br><br> Respondent. | CIV. NO. 06-1358(PG) |

## OPINION AND ORDER

Before the Court are plaintiffs' "Motion to lift stay and in Compliance with Order" (Docket No. 50) and "Motion to Consolidate Cases, Reiterating Request for Lift of Stay, and Requesting Issuance of Order to Show Cause" (Docket No. 53). Defendants filed a response in opposition to plaintiffs' motions and renewed their request to dismiss the case. (Docket No. 59.) Plaintiffs' oppose defendants' Motion to Dismiss. (Docket No. 60.) For the following reasons the Court, **GRANTS** the motion to lift the stay; **GRANTS** the request to consolidate this case with Civil Case No. 06-1358, and **DENIES** the motion to dismiss.

## PROCEDURAL BACKGROUND[1]

Carmen Rivera-Feliciano, Maria Flores-Feliciano, Mendelson Ortiz-Nicolau, Edgardo Hernandez-Ortiz, Ines Navedo-Vazquez, Gilberto Rivera-Rodriguez, Jose J. Rivera-Aneiro, Hector L. Rivera-Ortiz, Wilgberto Mario Feliciano, Carlos A. Rosario-Adorno, Domingo Gonzalez-Marie, Alexis Ortiz-Berrios, Angel

---

[1] For a complete narration of the factual background leading to this litigation, see this Court's September 20, 2005 Further Opinion and Order on the Preliminary Injunction at Docket No. 26, pp. 1 - 5.

Civ. No. 05-1910 (PG)                                                    Page 2

Marcano-Ortiz, Pedro Beltran-Carrasquillo, and Luis Melendez-Ramos (collectively "plaintiffs"), filed this Civil Rights Complaint on August 26, 2005. Plaintiffs moved for a Temporary Restraining Order ("TRO") and Preliminary Injunction to enjoin defendants from applying Puerto Rico Law No. 49 of May 26, 1995, Regulation No. 6041 of October 27, 1999, and Regulation No. 6797 of May 4, 2004, retroactively to them. They also sought to enjoin defendants from removing Plaintiffs from the Administration of Corrections' ("AOC") Electronic Surveillance Program and re-incarcerating them.

The named defendants are: Anibal Acevedo-Vila, Governor of Puerto Rico; Roberto Sanchez-Ramos, Secretary of Justice of the Commonwealth of Puerto Rico; Miguel Pereira-Castillo, Secretary of Corrections and Rehabilitation of Puerto Rico and Administrator of Corrections of the Commonwealth of Puerto Rico; and Jose R. Lozada, Director of the Bureau of Special Investigations of the Commonwealth of Puerto Rico (collectively referred to as "defendants").

The Court issued the TRO and held hearings on September 2 and 5, 2005. Upon hearing the testimony of several witnesses and receiving documentary evidence, the Court issued the Preliminary Injunction requested. (See Docket Mo. 19 at 7.) Thereafter, the Court issued a further Opinion and Order on the Preliminary Injunction making additional findings of fact. (Docket No. 26.) Defendants appealed the Court's order (Docket No. 27.)

On February 15, 2006, the Court of Appeals for the First Circuit issued its Opinion and Order. The Court of Appeals remanded with instructions to the District Court to revise the preliminary injunction to make clear that anyone among the plaintiffs who violates the terms of release and supervision under the ESP may suffer the usual detriments from such violations. The Court of Appeals ordered that with such modification, a permanent injunction be entered. On remand, the district court had to address the question of whether the preliminary injunction would cover the plaintiffs[2] added by the amended

---

[2] The newly added plaintiffs are: José V. Arocho Rosario, Jorge H. Báez, Martínez, Carlos Beltrán Santiago, Carlos Berberena Cruz, Félix Blanchirot Rivera, Juan Bruno González, Juan Castillo Santos, Anthony Castro Carrillo, Miguel Chacón Rodriguez, Rafael Concepcion Rodriguez, Pedro Cordero Vazquez, Juan Correa Torres, Carmelo Cortés Nieves, Abigail Cruz Rodriguez, Wilson Cruz Vélez, Nicolás De Jesús

Civ. No. 05-1910 (PG)                                                    Page 3

complaint (see docket no. 39) filed after notice of appeal. Lastly, the Court of Appeals ordered that the district court abstain from taking further action in the case pending resolution of Gonzales-Fuentes v. Commonwealth of P.R., No. AC-25-48, (hereinafter the "Gonzalez-Fuentes case") before the Puerto Rico Supreme Court and to stay all further proceedings. See Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 63 (1st Cir. 2006).

Thereafter, the Court held a conference with the parties who then submitted to the Court a proposed language as to the permanent injunction. It was also agreed that the new plaintiffs would be included as individuals covered by the injunction but not as part of the class action. (See Docket No. 43.)

In compliance with the Court of Appeal's mandate (Docket No. 44), the Court issued an order modifying the preliminary injunction. (See Dockets Nos. 30, 36, and 38.) The Court also issued the permanent injunction as instructed by said Court. Lastly, all further proceedings were stayed pending resolution of the habeas petition in the Gonzalez-Fuentes case. The parties were instructed to notify the Court of the outcome of those pending proceedings. (Docket No. 49).

Soon thereafter, the Puerto Rico Supreme Court issued its decision in the Gonzales-Fuentes case. Plaintiffs promptly moved to lift the stay and filed a certified translated copy of Puerto Rico Supreme Court order.

---

Boria, Ebel De Jesús Nieves, Nelson De Jesús Rodriguez, Néstor Del Valle Quiñones, José Dominicci De Jesús, Wilberto Feliciano Ramos, Luis Fradera Olmo, Francisco Fuentes Santos, Juan García Jácome, José González García, Julio González Seda, John Green Luciano, José A. Hernández Ayala, José C. Hernández Escobar, Miguel Hernández Herrera, Edgardo Hernández Ortiz, Richard Irizarry Padró, Nelson Laporte Vazquez, José R. Lebrón Flores, David López Watts, Jeremias Matos Fuentes, José A. Mayol Rentas, Oscar Meléndez Hernández, Kenny Menéndez Figueroa; Edwin Mercado Martínez, Juan J. Nevárez Martínez, Juan Ortiz Vargas, Orlando R. Pabón Peña, Andrés Pagán Díaz, Jaime Quiles Hernández, Rafael Ramírez Saez, José Ramos Quiñones, Benjamín Rangel Pizzini, Aramis Rentas Fournier, Ariel Reyes Rivera, José A. Rivera Camacho, Mariano Rivera Camacho, Teodora Rivera Diodonet, Mario Rivera, Francisco Rivera Rosado, Daniel E. Rivera Torres, Félix Rivera Valentín, Eric E. Rivera Vélez, Efraín Rodriguez Nieves, José A. Rodríguez Sánchez, Edwin Rodríguez Torres, Enrique Rosario Vázquez, Luis Ruiz Martínez, Eliezer Sánchez Santiago, Alexander Santiago Afanador, Luis Santiago Sierra, Nelson Stevenson Colón, Kedrick Torres Campos, Kenny Torres Ramírez, José L. Torres Rivera, José Torres Rodríguez, José Vázquez Casanova, Ángel Vazquez Segarra, Luis Velázquez Aquino, Ángel Vélez Machuca, Orlando Vilanova Rivera, Otilio Bruno López, Santos Villarán Gutiérrez, Harry Vilanova San Miguel.

Civ. No. 05-1910 (PG)                                                    Page 4

Contemporaneously, the plaintiffs in the Gonzalez-Fuentes case filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. §§2241 (C)(3) & 2254 (Civil Case No. 06-1358). The case was originally assigned to Hon. Judge Acosta, however, seeing that it was related to Civil Case No. 05-1910, he transferred it to the undersigned.(See Civil No. 06-1358, Docket No. 2.) Plaintiffs in Civil No. 05-1910 then moved to consolidate both cases and to order Respondent to show cause why the writ of habeas corpus should not be granted. (Docket No. 53.)

## DISCUSSION

Defendants filed a lengthy opposition and memorandum of law raising a panoply of legal theories as to why the Court should dismiss the case and deny plaintiffs' motions. Defendants' position can be summarized as follows: When the Court stayed the case pending resolution of the state case, plaintiffs did not make a reservation under England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964) therefore, they are barred from proceeding in federal court. Furthermore, because the P.R. Supreme Court ruled on all pending issues the case should be dismissed inasmuch as issue preclusion applies. Accordingly, there is no need to lift the stay or to consolidate this case with Civil No. 06-1358.

**I.   England Reservation**

In its February 15, 2006 order, the Court of Appeals mentioned its concern with the fact that plaintiffs in the Gonzalez-Fuentes had not filed a reservation under England[3]. Id. The Court of Appeals, however, did not express any England reservation concerns as to the plaintiffs in Civil Case No.05-1910. The government argues that because plaintiffs never made an

---

[3] Pursuant to England, "if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then -- whether or not he seeks direct review of the state decision in this Court -- he has elected to forgo his right to return to the District Court." England, 375 U.S. at 419. This reservation allows "a form of abstention that permits the federal court, in effect, to ask a state court to clarify a murky question of state law involved in the case, while permitting the plaintiff to return to the federal forum for determination of the federal question after the state court has decided the issue of state law." Duty Free Shop, Inc. v. Administracion de Terrenos, 889 F.2d 1181, 1183 (1st Cir. 1989).

Civ. No. 05-1910 (PG)                                                    Page 5

England reservation in the Gonzalez-Fuentes case this case should be dismissed pursuant to the doctrine of collateral estoppel.

Contrary to defendants' assertion, plaintiffs here never filed any case before the state courts, therefore, they have not waived their right to have this Court rule on their claims. This litigation and the Gonzalez-Fuentes case are two separate cases with two different sets of plaintiffs.

The reason why the case was stayed pending resolution of the Gonzalez-Fuentes case was because there were unresolved issues of state law that could ultimately avoid the possibility of unnecessarily deciding a constitutional question. Because these unsettled issues of state law were common to both cases the Court of Appeals found it prudent to halt the proceedings in Civil No. 05-1910 until the state court issued its ruling in the Gonzalez-Fuentes case. The Plaintiffs of Civil No. 05-1910 were not before the state court in the Gonzalez-Fuentes case therefore, they had not obligation to make any kind of reservation. They had only to wait for the Puerto Rico Supreme Court decision to proceed with their civil rights claim here. Cf. Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 47 (1st Cir. 2006).

As to the Gonzalez-Fuentes federal habeas corpus petition, it is well-settled that a habeas petition must be first presented to the state courts before filing in a federal court. Picard v. Connor, 404 US 270, 278 (1971). The federal habeas statute clearly states: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  Hence, petitioner in the Gonzalez-Fuentes case did not have to reserve their right to come before the federal court.

### II.   Issue preclusion and request to lift the stay

Defendants also move to dismiss the case arguing that the final judgment rendered in the Gonzalez-Fuentes case precludes the Plaintiffs or their privies from re-litigating claims that were raised or could have been raised in that action regardless of whether they are state or federal claims. Defendants argue that the issues raised in the Gonzalez-Fuentes case are the

Civ. No. 05-1910 (PG)                                                    Page 6

same as those raised here. They insist that every single argument raised by plaintiffs in Civil No. 05-1910 encircles the interpretation of Act No. 49, which has been already decided by the P.R. Supreme Court thus, dismissal under Rule 12(b)(1) is warranted because issue preclusion applies.

Plaintiffs oppose defendants' request arguing that the Court should not dismiss the case because they should be afforded an opportunity to be heard and to have the Court adjudicate their federal constitutional claims. Plaintiffs argue that preclusion applies only as to the state law issues inasmuch as preclusion on federal issues cannot exist in a case where the law commands that they submit all their federal claims to the Commonwealth courts before coming to this Court. Furthermore, plaintiffs posit that even assuming that the P.R. Supreme Court decided all issues in defendants' favor, both state and federal, there is still no reason why the stay should not be lifted for they are validly before this Court.

Additionally, and conceding that the P.R. Supreme Court addressed some of their claims, plaintiffs posit that it is beyond dispute that several issues still remain unanswered. They mention for example the question of Puerto Rico administrative law that was before the Puerto Rico Supreme Court regarding defendants' arguments to the effect that "both the 1989 regulation and Regulation No. 5065, passed in 1994, exceeded the powers delegated to the AOC" and that "the 'authority to create an electronic surveillance program' was not granted to the AOC until the passage of Law No. 49." These were issues that the Court of Appeals recognized were before the P.R. Supreme Court yet were not addressed by said Court. Another example is the question of "whether the present administration has the authority to countermand the legal interpretation put forth by the prior administration, absent some express grant of authority from the legislature."

What is more, plaintiffs argue that the issue of whether depriving the petitioners and others of their participation in the conditioned release program extends or not their prison time is still alive. This notwithstanding the fact that the Solicitor General confirmed that the Commonwealth of Puerto Rico would not take measures to nullify the time and work/study credits the

Civ. No. 05-1910 (PG)                                                    Page 7

petitioners/plaintiffs had accumulated during their participation in the program. Plaintiffs point out that the participants in the program were earning work/study (including university studies) time credits which may or may not be available in confinement.

Finally, plaintiffs posit that the issue of due process regarding the right to a pre-incarceration hearing under Morrissey v. Brewer, 408 U.S. 471 (1972) and Gagnon v. Scarpelli, 411 U.S. 711 (1973) has not been adjudicated[4].

In sum, plaintiffs argue that regardless of the P.R. Supreme Court's ruling, there are issues that still need to be addressed by this Court. There being no reason for the stay not to be lifted, plaintiffs posit that they are now free to litigate their federal claims before this Court and ultimately have the Court determine whether or not defendants have infringed their federal constitutional rights.

The Court has carefully read the P.R. Supreme Court's order[5] and finds that indeed, said Court did not address all of the claims plaintiffs raise here. For example, when addressing the due process claims, the P.R. Supreme Court only discussed the doctrine of substantive due process but did not even mention the procedural aspect of the due process clause[6]. Therefore, the Court

---

[4] Both cases were applied by the P.R. Supreme Court in a case that was decided the day after the Gonzalez Fuentes case in which the P.R. Parole Board was ordered to hold a hearing. Furthermore, in that case, the Supreme Court applied estoppel and own acts doctrines to the Government of Puerto Rico, something it denied the petitioners in the Gonzales-Fuentes case. It is interesting to note that the petitioner in that case is a plaintiff in this case. See Quiles Hernandez v. Del Valle, 167 D.P.R. ____, (March 30, 2006), 2006 T.S.P.R. 45

[5] The P.R. Supreme Court issued a judgment ("sentencia") which is an un-published order that does not have precedential value. See 4 P.R. Stat. Ann. R. 44; see Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 80 (1987)("It is considered inappropriate to cite as an authority or precedent the judgments ("sentencias") that do not constitute opinions of the Court. Under this perspective, it is understood.... that it has no weight as precedent, but it does have intrinsic persuasive value as to its reasoning. (Translation ours). See also Ex parte Delgado Hernandez,___ D.P.R. ____ (2005), No. CC-2004-708, 2005 WL 1593435, at *4(P.R.,2005).

[6]   The concept of liberty in the due process clauses is also the basis for the "substantive due process" requirement that legislation must relate to a legitimate end of government. In their procedural aspect the due process clauses require that no individual be singled out for a deprivation of a constitutional liberty without a fair

must address plaintiffs' claim that defendants have violated their procedural due process rights[7]. It is clear that plaintiffs must be afforded the opportunity to fully litigate their claims here. The Court is not, by any means, disregarding the P.R. Supreme Court's ruling on state law issues. Instead, it is now in a position to determine, with the benefit of the P.R. Supreme Court's interpretation of state law, whether or not defendants have infringed plaintiffs' federal constitutional rights.

Defendants would have us decide the case without even giving plaintiffs a chance to submit evidence to establish the facts necessary for the Court to make a final determination. Therefore, upon reviewing the allegations in the light most favorable to plaintiffs[8], we lift the stay and deny defendants'

---

"process."

Rotunda, Ronald D. & John E. Nowak, Treatise on Constitutional Law-Substance & Procedure § 17.4 (3d ed. 2007).

[7] The P.R. Supreme Court found that the petitioners in Gonzalez-Fuentes did not have an acquired right protected by due process because the AOC's administrative errors cannot generate liberty interests capable of activating the protection of due process of law. The cases cited by the P.R. Supreme Court in support of said conclusion dealt with situations in which administrative agencies had committed clerical errors which clearly is not the situation here. The holding in those cases was based on the premise that administrative agencies should be able to correct their mistakes just as Court's can correct theirs under procedural rules such as Fed.R.Civ.P. 60. See Martínez v. Tribunal Superior, 83 D.P.R. 717, 721 (1961) and the discussion of the doctrine based on American Trucking Assn. v. Frisco Co., 358 U.S. 133 (1958). See also Mendoza Aldarondo v. Asociacion Empleados, 94 D.P.R. 564, 575-578(1967).
Here, we are not facing clerical errors but numerous legal opinions within the AOC regarding the rights afforded to inmates in the Electronic Surveillance Program. This is not the situation where an inmate is erroneously placed in the program because someone within the AOC mistakenly puts a "yes" mark in his file indicating he could participate in the program. To the contrary, plaintiffs all worked hard to meet the requirements of the program as stipulated by the AOC and after careful evaluation of each inmate's case, he or she was admitted to the program. Indeed, plaintiffs were not released because someone within the AOC made the "clerical" mistake of indicating that the inmate was eligible for the program when he or she was not. To characterize the AOC's actions as mere "clerical" errors, simplifies the reality of a very complex and possibly unconstitutional situation.

[8] When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff"). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Celta Const. v. U.S. Dept. of Housing and Urban Development, 337 F.Supp.2d 396, 398 (D.P.R. 2004).

Civ. No. 05-1910 (PG)                                                    Page 9

12(b)(1) motion to dismiss. This finding is consonant with the Court of Appeals mandate that "until the Supreme Court of Puerto Rico acts . . ., the dimension of the constitutional issue for federal adjudication will remain unsettled."

### III.   Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides in part:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed.R.Civ.P.42(a); see 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (2d ed. 2006). "A motion for consolidation will usually be granted unless the party opposing it can show "demonstrable prejudice." Seguro de Servicios de Salud de P.R. v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989)(citing Lavino Shipping Co. v. Santa Cecilia Co., 1972 A.M.C. 2454, 2456 (S.D.N.Y.)). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." Seguro de Servicios de Salud de P.R., 878 F.2d at 8 (citations omitted). In its analysis, the Court must weigh the savings of time and effort that consolidation would produce against any inconvenient delay or expense that would be caused to the parties and the court involved therein. See Stein Hall & Co. v. Scindia Steam Nav. Co., 264 F.Supp. 499 (D.C.N.Y., 1967). "[T]he trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Id. (citation omitted); see Santucci v. Pignatello, 188 F.2d 643 (D.C.C.A., 1951); Moten v. Bricklayers, Masons & Plasterers International Union of America, 543 F.2d 224 (D.C.Cir., 1976); Bradley v. Soo Line R. Co., 88 F.R.D. 307 (E.D.Wis., 1980). A court's denial of a motion for consolidation is purely discretionary and will be not reversed unless there's abuse of discretion. See Wright & Miller, supra, § 2383; Franklin v. Shelton, 250 F.2d 92 (10 Cir., 1957), cert. denied

Civ. No. 05-1910 (PG)                                                    Page 10

355 U.S. 959(1958).

    Defendants argue against consolidation claiming that this case, which is a petition for a permanent injunction, and the federal habeas corpus petition involve different legal standards and may involve different types of evidence. Although it might be more convenient for the parties to conduct both cases together, defendants claim that confusion will arise during the proceedings.

    Plaintiffs have no great wish to have the two cases consolidated. Their request was guided by Fed.R.Civ.P. 1 to secure the just, speedy and inexpensive determination of the action. Given that defendants, their officers and employees will have to testify in both actions, it seems like a waste of time and money, and therefore justice, to have several witnesses give the same answers to the same questions twice.

    Having reviewed the parties' respective positions and the prejudice or inconvenience to them, the Court finds that consolidation of both actions for pre-trial purposes is not only convenient but wise. The delay and expense that proceeding separately would entail tilts the balance in favor of consolidation more so, considering that both cases are assigned to the undersigned.

    Clearly, there are common issues of fact and law. The excess cost that the parties will incur is evident given that they would have to literally duplicate their efforts for each discovery request, motion filed, and court appearance. Consequently, the Court would be wasting time dealing with the same issues, filings and calendar events twice. What is more, the attorneys in both cases are the same. Therefore, it really makes no sense, from a logistical point of view, not to consolidate the cases. The fact that the ultimate remedies are different does not alter this conclusion. Both cases are at the same procedural stance, and the Court is well-aware of the intricate details of each thus, the possibility of confusion is minimal. Therefore, plaintiffs request to consolidate Civil Case No. 05-1910 and Civil Case No. 06-1358 is GRANTED. The Clerk shall take notice of the above. All further filings shall include both case captions and must be filed in Civil Case No. 05-1910 only.

**CONCLUSION**

Civ. No. 05-1910 (PG)                                                   Page 11

    For the preceding reasons, Plaintiffs' request to lift the stay and to consolidate is GRANTED (Docket No. 50 & 53) and defendants motion to dismiss is DENIED. (Docket No. 59.)

    WHEREFORE, Respondent is hereby ordered to file within **twenty (20) days of this order** a response to the Petition for a Writ of Habeas Corpus showing cause why it should not be issued[9].

    It IS SO ORDERED.

    In San Juan, Puerto Rico, February 20, 2007.

                                              S/JUAN M. PEREZ-GIMENEZ
                                              U. S. DISTRICT JUDGE

---

[9] See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.